# EXHIBIT A

 

# Your Missouri Courts .net

Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print   GrantedPublicAccess Logoff STEVEHIOTIS

**2222-CC00612 - ENTERPRISE BANK & TRUST V AMERISOURCEBERGEN DRUG C (E-CASE)**

| Case | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**04/21/2022** ☐ Corporation Served
Document ID - 22-SMCC-1860; Served To - AMERISOURCEBERGEN DRUG CORPORATION; Server - ; Served Date - 19-APR-22; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**04/20/2022** ☐ Notice of Service
22-SMCC-1860; Electronic Filing Certificate of Service.

**04/12/2022** ☐ Summons Issued-Circuit
Document ID: 22-SMCC-1860, for AMERISOURCEBERGEN DRUG CORPORATION.

☐ Confid Filing Info Sheet Filed
    Filed By: DUANE LEE COLEMAN

☐ Pet Filed in Circuit Ct
Petition.
    Filed By: DUANE LEE COLEMAN
    On Behalf Of: ENTERPRISE BANK & TRUST

☐ Judge Assigned

---

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| ENTERPRISE BANK & TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | Division |
| AMERISOURCEBERGEN DRUG ) | |
| CORPORATION, ) | |
| ) | |
| <u>Serve</u>: Registered Agent ) | |
| CT Corporation System ) | |
| 120 South Central Avenue ) | |
| Suite 400 ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff, Enterprise Bank & Trust (the "Bank"), by and through its undersigned counsel, and states as follows for its claims for relief against Defendant:

### The Parties, Jurisdiction and Venue

1. The Bank is a Missouri banking institution with offices and branches in various locations, including the City of St. Louis.

2. Defendant AmerisourceBergen Drug Corporation ("ABDC") is a Pennsylvania corporation, registered to do business in Missouri, which maintains its principal place of business at 1300 Morris Drive, Chesterbrook, Pennsylvania 19087.

3. ABDC is a pharmaceutical products and services company which, among other things, serves as a pharmacy services administrative organization ("PSAO") and provides related services.

4.  Personal jurisdiction exists over ABDC in that it purposely engaged in business in Missouri, including the transactions giving rise to the Bank's claims asserted herein.

5.  This Court has subject matter jurisdiction over this matter pursuant to Article 5, Section 14 of the Missouri Constitution.

6.  Venue is proper in this Court under Mo. Rev. Stat. § 508.010.4 in that this action includes a tort claim and the Bank was first injured in the City of St. Louis by ABDC's wrongful conduct as alleged more fully below.

## Facts Common to All Counts

A.  *The Bank's Relationship with FPP*

7.  On April 1, 2013, the Bank entered into a Commercial Security Agreement with Forest Park Pharmacy, Inc. ("FPP"), pursuant to which FPP pledged the following assets to collateralize its loans and future advances from the Bank (the "FPP Collateral"):

> *All* inventory, equipment, *accounts (including but not limited to all health-care-insurance receivables)*, chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, *deposit accounts*, investment property, *money, other rights to payment* and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all goodwill relating to the foregoing property; all records and data and embedded software relating to the foregoing property and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property, all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; *and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property*. (Emphasis added).

2

8. On April 13, 2013, the Bank perfected its security interest in the FPP Collateral by filing a UCC Financing Statement with the Missouri Secretary of State, File No. 1304082097440, which the Bank duly continued for an additional period of five (5) years by filing an Amendment to its UCC Financing Statement on February 22, 2018, File No. 1802221030738 (together, the "Bank's Financing Statement").

9. The Bank's Financing Statement is a matter of public record and, at all relevant times, imparted notice to all third parties, including ABDC, that the Bank had a senior, perfected security interest in the FPP Collateral.

10. On February 5, 2014, the Bank made a loan to FPP in the original amount of $1 million, secured by the FPP Collateral, the terms of which are set forth in a certain promissory note signed by FPP, which was subsequently modified, amended, and extended on numerous occasions ("Note 1").

11. On June 5, 2020, the Bank made a loan to FPP in the amount of $1.4 million, also secured by the FPP Collateral, the terms of which are set forth in a certain promissory note signed by FPP ("Note 2").

12. On February 23, 2021, the Bank sent a letter to FPP which, among other things, declared all of the obligations under Note 1 and Note 2 due and payable. At that time, FPP owed the Bank $3,017,027.31 under Note 1 and $1,169,795.39 under Note 2.

13. FPP failed and refused to pay the Bank in response to this letter.

14. Accordingly, on March 5, 2021, the Bank filed suit against FPP in this Court, Case No. 2122-CC00466, seeking to collect on the above-referenced obligations and also moved for the appointment of a general receiver pursuant to Mo. Rev. Stat. § 515.500, *et seq.*, which the Court granted by Order dated March 9, 2021. The lawsuit remains pending.

3

### B. *FPP's Relationship with H.D. Smith*

15. Meanwhile, in 2017, FPP entered into a Purchase Agreement with a pharmaceutical wholesaler, H.D. Smith, LLC ("H.D. Smith"), pursuant to which FPP could purchase pharmaceuticals and certain other products from H.D. Smith to sell in its local retail pharmacy stores (the "Purchase Agreement").

16. Also in 2017, FPP entered into a Security Agreement with H.D. Smith, pursuant to which FPP pledged all its property and assets – essentially the same FPP Collateral previously pledged to the Bank – to collateralize its liabilities and obligations to H.D. Smith.

17. On December 21, 2017, H.D. Smith sought to perfect its security interest in the FPP Collateral by filing a UCC Financing Statement with the Missouri Secretary of State, File No. 17122197689988, which security interest is junior to the Bank's security interest because the Bank's Financing Statement was filed on April 13, 2013 (some 4½ years earlier).

18. At or about the time H.D. Smith entered into its Purchase Agreement and Security Agreement with FPP and filed its UCC Financing Statement, it became aware of the Bank's senior security interest in the FPP Collateral.

19. In late 2017, ABDC's parent company, AmerisourceBergen Corporation ("ABC"), announced an agreement to purchase H.D. Smith, and the acquisition was completed in or about January 2018.

20. In conducting the due diligence for this acquisition, ABC and ABDC obtained information regarding H.D. Smith's security interest in the FPP Collateral, including the fact that H.D. Smith's security interest is junior to the Bank's security interest.

21. On April 19, 2019, the UCC Financing Statement filed by H.D. Smith was amended to change the secured party from H.D. Smith to ABDC, File No. 1904192875334.

C.  *FPP's Relationship with ABDC*

22.  Unbeknownst to the Bank, in February 2018, FPP and ABDC entered into certain agreements that provided FPP access to the PSAO network managed by ABDC, including a Master Program Agreement ("MPA").

23.  Pursuant to the MPA, FPP could enroll in certain "Available Programs" offered by ABDC, including the Elevate Provider Network™ (the "Elevate Network"), which is described in a Term Sheet incorporated into the MPA.

24.  The structure of the Elevate Network includes an Administrator Agreement between ABDC and CVS Caremark Corporation ("Caremark").

25.  Caremark is a Pharmacy Benefits Manager ("PBM") that provides an interface between insurance companies and pharmacies; pharmacies make claims to Caremark as a PBM for prescription medicines sold to their insured retail customers and Caremark in turn processes those claims, reimburses the pharmacies, and charges the insurance plans.

26.  The key service that ABDC provides as a PSAO is to negotiate and contract with PBM networks (such as Caremark's), enroll independent pharmacies (such as FPP) in the PBM networks, and to act as a payment processor between PBMs and the pharmacies.

27.  Specifically, in the Administrator Agreement, ABDC and Caremark agreed that ABDC, as agent of all the individual pharmacies, would collect and receive the reimbursements from Caremark and deposit the funds into a central accounting mechanism that ABDC controls and calls "Central Payment." This arrangement is also set forth in an Agency Addendum to the Provider Agreement that was entered into by Caremark and FPP (which Addendum was signed by Caremark, FPP, and ABDC on February 8, 2018) as follows:

5

> [FPP] hereby appoints [ABDC] as its agent to receive all payments that Caremark may make from time to time for the Pharmacy Services performed by [FPP] pursuant to the Provider Agreement ("Central Payment"). The Central Payment is an aggregate payment representing amounts payable to all providers, including the undersigned Provider [FPP], who are participating in a Central Payment arrangement with [ABDC].

28. Once funds are deposited into Central Payment, Section 3(e) of the Elevate Term Sheet obligates ABDC to use commercially reasonable efforts to "make[ ] EFT deposits to [FPP's] account . . . less fees and any other charges, withholds, or offsets imposed under this Agreement" within one business day to one week, depending on the circumstances.

29. In Section 4(g) of the Elevate Term Sheet, ABDC and FPP agreed that, "ABDC . . . may withhold or setoff Central Pay amounts owed to [FPP], or take any other *lawful actions*, to recover any amount . . . owed by [FPP] to ABDC or its affiliates under this or any other agreements between ABDC (or its affiliates) and [FPP] . . ." (Emphasis added).

### D. *ABDC's Conversion of the FPP Collateral*

30. Over time, FPP became substantially indebted to ABDC for purchases FPP made from ABDC under the Purchase Agreement.

31. The Bank was never asked and never agreed to subordinate its senior perfected security interest in the FPP Collateral to the junior security interest originally held by H.D. Smith (and later held by ABDC following the acquisition of H.D. Smith) and never consented to FPP entering into the MPA or the Elevate Network with ABDC.

32. Consequently, at all relevant times, ABDC and FPP both knew that it would not be lawful for ABDC to setoff funds in Central Payment to pay FPP's indebtedness to ABDC because such funds were part of the FPP Collateral that was subject to the Bank's senior perfected security interest.

6

33. Nevertheless, at times currently unknown to the Bank, some of which are believed to be after February 23, 2021 (the date on which the Bank demanded repayment of Note 1 and Note 2 from FPP), ABDC setoff funds in Central Payment to reduce FPP's indebtedness to ABDC, which actions were taken with FPP's acquiescence.

34. To date, ABDC has wrongfully setoff at least $234,000.00 in the manner described above.

35. In addition, ABDC has indicated that it intends to setoff an additional approximately $32,000.00 still held in Central Payment that rightfully belongs to the Bank.

36. On January 5, 2022, the Bank sent a letter to ABDC demanding that, among other things, ABDC return the wrongfully setoff funds as well as any additional funds in Central Payment that are owed to FPP.

37. ABDC refused to do so and has provided no justification for its refusal.

### Count I – Conversion

38. The Bank hereby incorporates the preceding allegations of this Petition as if fully set forth herein.

39. At all relevant times, the Bank has had a senior perfected security interest in the FPP Collateral, including but not limited to the funds which ABDC collected as agent for FPP and held in Central Payment for FPP.

40. ABDC knew that the Bank was entitled to possession of such funds at the time ABDC set them off to pay FPP's obligations to ABDC.

41. ABDC's conduct constituted a conversion in that it deprived the Bank of possession of the FPP Collateral to which the Bank had a superior right.

42. The Bank made demand upon ABDC to turn over the funds of FPP that ABDC misappropriated by way of setoff, but ABDC refused to do so.

WHEREFORE, the Bank prays that the Court enter judgment in favor of the Bank and against ABDC for all FPP Collateral taken or retained by ABDC, including the funds belonging to FPP in Central Payment that ABDC used to setoff FPP's indebtedness to ABDC, plus pre-judgment interest at the per annum rate of 9%, the costs of this action, and such other and further relief as the Court deems appropriate under the circumstances.

### Count II – Unjust Enrichment

43. The Bank hereby incorporates the preceding allegations of this Petition as if fully set forth herein.

44. ABDC was enriched by taking and applying the FPP Collateral to pay itself inasmuch as the Bank had a senior perfected security interest in the FPP Collateral, which ABDC was holding as FPP's agent.

45. ABDC's enrichment was at the Bank's expense.

46. It would be unjust and inequitable to allow ABDC to retain the subject FPP Collateral under the circumstances.

WHEREFORE, the Bank prays that the Court enter judgment in favor of the Bank and against ABDC for all FPP Collateral taken or retained by ABDC, including the funds belonging to FPP in Central Payment that ABDC used to setoff FPP's indebtedness to ABDC, plus pre-judgment interest at the per annum rate of 9%, the costs of this action, and such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: April 12, 2022

By: /s/ Duane L. Coleman
    Duane L. Coleman, #35898
    Larry E. Parres, #35597
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    (314) 444-7600
    (314) 612-7660 (facsimile)
    dcoleman@lewisrice.com
    lparres@lewisrice.com

Attorneys for Plaintiff
Enterprise Bank & Trust



IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00612 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ENTERPRISE BANK & TRUST<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DUANE LEE COLEMAN<br>600 WASHINGTON<br>SUITE 2500<br>ST LOUIS, MO 63101 | |
| Defendant/Respondent:<br>AMERISOURCEBERGEN DRUG CORPORATION<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>http://www.stlcitycircuitcourt.com/ | |
| | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AMERISOURCEBERGEN DRUG CORPORATION
Alias:
CT CORPORATION SYSTEM, RAGT
120 SOUTH CENTRAL AVENUE
SUITE 400
CLAYTON, MO 63105

ST LOUIS COUNTY SHERIFF

COURT SEAL OF



CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

April 12, 2022              _Thomas Kloeppinger_
_____              _____
Date                                          Clerk
Further Information:

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-1860 1 of 1 (2222-CC00612)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                          Date                    Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                          $_____
Sheriff's Deputy Salary
Supplemental Surcharge           $    10.00
Mileage                          $_____ (_____ miles @ $_____ per mile)
Total                            $_____

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

 IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

S-13
S-13

| Judge or Division:<br>MICHAEL FRANCIS STELZER | Case Number: 2222-CC00612 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ENTERPRISE BANK & TRUST<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DUANE LEE COLEMAN<br>600 WASHINGTON<br>SUITE 2500<br>ST LOUIS, MO 63101 | |
| Defendant/Respondent:<br>AMERISOURCEBERGEN DRUG CORPORATION | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Other Tort | Please see the attached information for appearing via WebEx. WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | |
| | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AMERISOURCEBERGEN DRUG CORPORATION
Alias:

CT CORPORATION SYSTEM, RAGT
120 SOUTH CENTRAL AVENUE
SUITE 400
CLAYTON, MO 63105

ST LOUIS COUNTY SHERIFF


COURT SEAL OF
CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court.***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

April 12, 2022 _____
Date                                    Clerk
Further Information:

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 22-SMCC-1860 1 of 1 (2222-CC00612)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and petition to: **LCW – B. LOVE** (name) **INTAKE SPECIALIST** (title).
☐ other: _____

Served at **CT CORPORATION** _____ (address)
in **St. Louis County** (County/City of St. Louis), MO, on **APR 19 2022** (date) at **9 AM** (time).

**Nathan Gentry**
Printed Name of Sheriff or Server

_[signature]_
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                              Date                Notary Public

**Sheriff's Fees, if applicable**
Summons                                     $ _____
Non Est                                     $ _____
Sheriff's Deputy Salary
Supplemental Surcharge                      $ 10.00
Mileage                                     $ _____ ( _____ miles @ $ _____ per mile)
Total                                       $ _____

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.